**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| ANTONIO CASTELLANO, | No. 10-55681 |
| Petitioner-Appellant, | D.C. No. 8:09-cv-871-SVW-E |
| v. | |
| LELAND MCEWAN, Warden, | MEMORANDUM[*] |
| Respondent-Appellee. | |

Appeal from the United States District Court
for the Central District of California
Stephen V. Wilson, District Judge, Presiding

Argued and Submitted January 9, 2013
Pasadena, California

Before:     GOODWIN and W. FLETCHER, Circuit Judges, and KORMAN,
Senior District Judge.[**]

Antonio Castellano, who was convicted in California of domestic battery and

related offenses, appeals from the denial of his petition for a writ of habeas corpus.

---

[*]     This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

[**]     The Honorable Edward R. Korman, Senior United States District Judge
for the Eastern District of New York, sitting by designation.

The appeal focuses on the admissibility of testimony given at a preliminary hearing by the victim, Irene Sanchez Castellano ("Sanchez"), and on statements she made to police officers.

Castellano argues that as a result of the enactment of Proposition 115 in 1990, preliminary hearings in California do not provide an adequate opportunity for full and fair cross-examination because the "purpose of a preliminary hearing [is] to establish whether there exists probable cause to believe that the defendant has committed a felony" and not to undertake discovery. Cal. Penal Code § 866(b). Consequently, he argues the testimony at such hearings is never admissible at trial. This argument ignores the fact that the purpose of a preliminary hearing was always to establish the existence of probable cause and involved a "less searching exploration into the merits of the case than a trial." *California v. Green*, 399 U.S. 149, 166 (1970). Nevertheless, the Supreme Court held that, unless defense counsel "appear[ed] to have been significantly limited in any way in the scope or nature of his cross-examination of the witness . . . at the preliminary hearing," such testimony was admissible at trial. *Id*. This holding was not dependent on whether the witness was available to testify at trial. *See id*.

Picking up on the caveat in *Green*, Castellano also argues that the scope of his cross-examination at the preliminary hearing was significantly limited because the

preliminary hearing judge sustained two objections to questions posed to Sanchez by the defense about: (1) an uncharged incident which took place in 2003 and (2) Sanchez's state of mind during one of the charged incidents. These questions sought to elicit evidence of minimal relevance. Indeed, had Sanchez testified at trial and had the same objections been sustained, we would have had little trouble concluding that the trial judge did not abuse his discretion and that, even if he did, any error was harmless.

Castellano introduced evidence at trial relating to the prior uncharged incident and Sanchez testified on direct examination at the preliminary hearing regarding her state of mind during the charged incident at issue. Moreover, Castellano also introduced letters written by Sanchez which included admissions that she had lied to the police and attempted to take responsibility for all that had gone wrong between them, and a voicemail message from Sanchez threatening to falsely accuse him of domestic abuse if he did not financially support her. Except for the letter explaining her refusal to testify at trial, which post-dated the preliminary hearing, the other impeachment evidence was in Castellano's possession and not obtained through any discovery. Significantly, Castellano's brief acknowledges that because of this evidence "Sanchez'[s] preliminary hearing testimony largely exonerated Castellano; [and demonstrated] that Sanchez was the aggressor and that she lied to manipulate and

control Castellano."

Castellano also argues that the trial judge's decision to admit the testimony of police officers relaying statements made to them by Sanchez violated his Confrontation Clause rights. Sanchez's hearsay statements to the officers were admitted to impeach her preliminary hearing testimony. Castellano had an opportunity to cross-examine Sanchez about those statements at the preliminary hearing. Indeed, with one exception, which the jury's verdict suggests was harmless, he also had the opportunity to examine the police officers at both the preliminary hearing and at trial. Thus, Castellano's only objection to the admissibility of their testimony fails because it rests on the same ground as his objection to the admissibility of Sanchez's testimony.

**AFFIRMED.**